UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **EDDIE WILLIAMS, JR.** ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | No. 3:10-0715 |
| ] | Judge Campbell |
| **REUBEN HODGE, et al.** ] | |
| Defendants. ] | |

## O R D E R

The plaintiff is an inmate at the Riverbend Maximum Security Institution in Nashville. In July, 2010, he submitted a *pro se* § 1983 civil rights complaint (Docket Entry No. 1) and an application to proceed in forma pauperis (Docket Entry Nos. 2 and 3).

The plaintiff had, on at least six prior occasions, filed actions in federal court which were dismissed for being either frivolous or for failure to state a claim. Because there was no suggestion of any imminent danger of serious physical injury, plaintiff's application to proceed in forma pauperis was denied. 28 U.S.C. § 1915(g).

In an order (Docket Entry No. 5) entered August 5, 2010, the plaintiff was granted thirty (30) days in which to pay the full filing fee of three hundred fifty dollars ($350.00). He was forewarned that, in the event he failed to pay the filing fee, it would be assessed against him and collected from his inmate trust account, and this action would be dismissed for want of prosecution. In re Alea, 286 F.3d 378, 382 (6th Cir. 2002).

The thirty day period has expired and the plaintiff has not yet complied with the instructions of the Court by paying the filing fee. Rather, he has filed a Motion to Vacate (Docket Entry No. 8)

the order denying him pauper status and a Motion for Pretrial Conference (Docket Entry No. 13).[1]

The plaintiff's Motion to Vacate contains no information suggesting that the application to proceed in forma pauperis was denied in error. Accordingly, the Motion to Vacate is DENIED. The plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

This action is hereby DISMISSED for failure to comply with the instructions of the Court and for want of prosecution. The dismissal renders the plaintiff's Motion for Pretrial Conference moot. Therefore, said motion is DENIED for that reason.

The Clerk is directed to send a copy of this order to the Warden of the Riverbend Maximum Security Institution to insure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

---

[1] This case was originally assigned to the docket of the Honorable William J. Haynes, Jr. who recused himself. *See* Docket Entry No. 9.

Entry of this order shall constitute the final judgment in this case.

It is so ORDERED.

_____
Todd Campbell
United States District Judge